UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-24103-LEIBOWITZ/AUGUSTIN-BIRCH

**CHET MICHAEL WILSON,**
*individually and on behalf of all others similarly situated*,

    *Plaintiffs*,

v.

**MIA AESTHETICS HOLDINGS, LLC**,

    *Defendant*.
_____/

## ORDER SETTING TRIAL AND PRE-TRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE

**THIS CASE** is set for trial during the Court's two-week trial calendar beginning **April 5, 2027**. Counsel for all parties shall also appear at a final pretrial conference at **10:00 a.m.** on **March 2, 2027**. Unless instructed otherwise by subsequent order, the trial and all other proceedings in this case shall be conducted in-person in **Courtroom 12-3 of the Wilkie D. Ferguson, Jr. U.S. Courthouse, 400 N. Miami Avenue, Miami, Florida 33128**. The parties shall adhere to the following schedule:

    **December 29, 2025**. The parties shall select a mediator in accordance with Local Rule 16.2; schedule a time, date, and place for **in-person** mediation; and jointly **file a proposed order scheduling mediation** in the form specified on the Court's website, http://www.flsd.uscourts.gov. In accordance with the procedures outlined in the CM/ECF Administrative Procedures, the proposed order must be emailed to leibowitz@flsd.uscourts.gov in Word format. If the parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as possible, and the Clerk shall designate a certified mediator on a blind rotation basis. Counsel for all parties shall familiarize themselves with and adhere to all provisions of Local Rule 16.2.

    The physical presence of counsel and each party, or at least one representative of each party if the party is an entity, with full authority to negotiate and enter a full and complete settlement during mediation is **mandatory,** as contemplated by Local Rule 16.2(e). The Court may impose sanctions against parties or counsel who do not comply with the attendance or

settlement authority requirements. The mediator shall report non-attendance to the Court in a signed verification that shall accompany the mediation report, which must be submitted within seven (7) days of mediation.

**January 26, 2026**. The parties shall file all motions to amend pleadings or to join parties.

**September 8, 2026**. The parties shall exchange expert witness summaries or reports.

**September 22, 2026**. The parties shall exchange rebuttal expert witness summaries or reports.

**October 13, 2026**. All discovery, including expert discovery, shall be completed.

**October 27, 2026**. Plaintiff shall file any motion for class certification. (Defendant shall have 21-days to respond and Plaintiff shall have 14-days to reply.)

**December 3, 2026**. The parties must have completed <u>**in-person**</u> mediation. <u>**Within seven (7) days of mediation, the parties must file a mediation report with the Court**</u>, which shall include the mediator's signed verification certifying the attendance or non-attendance of each required party.

**December 17, 2026**. The parties shall file all pretrial motions, including motions for summary judgment, and *Daubert* motions. Each party is limited to filing one *Daubert* motion. If a party cannot address all evidentiary issues in a 20-page memorandum, it must petition the Court for leave to include additional pages. **The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification.**

**February 1, 2027**. The parties shall submit all trial preparation materials including, but not limited to, a joint pretrial stipulation of all undisputed facts, proposed jury instructions and verdict form, witness lists, exhibit lists, and shall file any motions *in limine* (other than *Daubert* motions). Each party is limited to filing one motion *in limine*, which may not, without leave of Court, exceed the page limits allowed by the Local Rules. **The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification.** Additionally, the parties shall submit all deposition designations, counter-designations, and any objections thereto. Parties must submit their designations in one table, with columns listing the witnesses' names, the deposition dates, the proposed designations by page and line, and any objections using the codes listed in Local Rule 16.1(e)(9).

**March 2, 2027**. The parties shall appear before the Court at a final pretrial conference. Additionally, by this date the parties shall have coordinated with the Magistrate Judge designated in this action to schedule a pretrial settlement conference, which shall take place **no more than fifteen (15) days** following the final pretrial conference. The presence of counsel and each party, or at least one representative of each party if the party is an entity, with full authority to negotiate and enter a full and complete settlement during the pretrial settlement conference is **mandatory**, as contemplated by Local Rule 16.2(e).

**March 17, 2027**. The parties must have completed the pretrial settlement conference. Upon the conclusion of the pretrial settlement conference, the parties must promptly file a settlement conference report with the Court.

**In-Person Attendance Mandatory.** Unless otherwise ordered by the Court, any individual whose attendance is required at a trial, hearing, or other proceeding in this action shall appear before the Court *__in person__*.[1] Motions to appear remotely shall be granted only in the most extraordinary circumstances.

**Referral to Magistrate Judge**. Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Rules, any and all discovery matters are hereby referred to United States Magistrate Judge **Panyotta D. Augustin-Birch.** Furthermore, in accordance with 28 U.S.C. § 636(c)(1), the parties may consent to trial and final disposition by Magistrate Judge Augustin-Birch. **The deadline for submitting a consent is December 17, 2026**.

**Good Faith Conferral.** For the purposes of compliance with the good faith conferral requirement of Local Rule 7.1(a)(3), the parties are instructed that a single e-mail exchange with opposing counsel shall not constitute a good faith effort under the Local Rules. The parties are instructed to confer either telephonically or in person.

**Discovery**. The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above. Stipulations that would so interfere may be entered into only with the Court's approval. *See* FED. R. CIV. P. 29. In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of deposition with the Court. Strict compliance with the Local Rules is expected, particularly with respect to motions practice. *See* S.D. FLA. L.R. 7.1.

---

[1] Where the parties are required to appear at a proceeding, including the pretrial settlement conference, at which the designated Magistrate Judge presides, the parties shall adhere to any rules set forth by the Magistrate Judge concerning in-person appearance.

**Discovery Disputes**.  **The parties shall not file any written discovery motions, including motions to compel, for protective order, or for sanctions, without the consent of the Magistrate Judge.**  Counsel must actually confer and engage with one another in a genuine effort to resolve their discovery disputes before seeking the Court's intervention.  The Court may impose sanctions, monetary or otherwise, if it determines that a party has improperly sought or withheld discoverable material in bad faith.  If, after conferring, the parties are unable to resolve their discovery dispute without Court intervention, they shall **not** file written motions.  Rather, the "moving party" shall follow Magistrate Judge Augustin-Birch's standard discovery procedures, which can be found through the following link: Standing Discovery Order.pdf (uscourts.gov).[2]  Should the parties have any questions regarding the resolution of discovery issues, counsel should contact the chambers of Magistrate Judge Augustin-Birch at Augustin-Birch@flsd.uscourts.gov.

**Summary Judgment**.  Parties are required to comply with Local Rule 56.1.  If a party fails to comply with any of the requirements of the Local Rules, the Court may strike the deficient filing and require immediate compliance, grant an opposing party relief, or enter any other sanction the Court deems appropriate.

A motion for summary judgment—and any response in opposition—must be accompanied by a Statement of Material Facts.  The material facts must be set forth in a *continuous* numbered list, even where the facts are divided by headings and/or sub-headings.  Each material fact must be supported by *pincites* to the relevant parts of record materials, such as depositions, answers to interrogatories, admissions, and affidavits.  The pincites shall reference specific pages (and, if appropriate, line numbers as well) of the exhibits, designate the number and title of each exhibit, and provide the exhibit's ECF number.  When a material fact requires specific evidentiary support, a

---

[2] https://www.flsd.uscourts.gov/sites/flsd/files/Standing%20Discovery%20Order.pdf.

general citation to an exhibit without a pincite (*e.g.*, "Smith Affidavit" or "Jones Deposition" or "Exhibit A") is *non-compliant* and will be stricken or disregarded.

All material facts in any party's Statement of Material Facts *may be deemed admitted* unless controverted by the other party's Statement of Material Facts, provided that: (i) the Court finds that the material fact at issue is *supported by properly cited record evidence*, and (ii) no other exception under FED. R. CIV. P. 56 applies.

**In addition to filing a Statement of Material Facts, as required under Local Rule 56.1(a), the parties shall also file a Joint Statement of Undisputed Facts within seven (7) days of any motion for summary judgment being fully briefed**. The Joint Statement of Undisputed Facts must include all relevant facts about which there is no material dispute. Each undisputed fact shall be individually numbered and separated by paragraph. This filing is limited to 10 pages and does not otherwise change the parties' obligation to comply with Local Rule 56.1.

**Voir Dire Questions**. The Court will require each prospective juror to complete a brief written questionnaire prior to the commencement of questioning in the courtroom. Any party may submit up to five proposed, case-specific questions to be included in the questionnaire. The proposed questions must be filed with the Court at the time of the filing of the joint pretrial stipulation and must also be submitted to the Court, in MS Word format, via e-mail to leibowitz@flsd.uscourts.gov. The Court will begin voir dire by questioning the venire individually and as a whole and will permit limited attorney-directed voir dire thereafter. The Court will not permit the backstriking of jurors.

**Jury Instructions and Verdict Form**. Although they need not agree on each proposed instruction, the parties shall submit their proposed jury instructions and verdict form jointly. Where the parties do not agree on a proposed instruction, that instruction **shall be set forth in bold type**. Instructions proposed only by a plaintiff shall be underlined. Instructions proposed only by a defendant *shall be italicized*. Every instruction must be supported by citation to authority. The parties

shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel contained therein. Any proposed instruction that *modifies* an instruction from the Eleventh Circuit's Pattern Jury Instructions must *both* note the modification *and* delineate the modification in redline (or track changes). The parties shall submit, in MS Word format via e-mail to leibowitz@flsd.uscourts.gov, proposed jury instructions and verdict form, including substantive charges and defenses, prior to the final pretrial conference. For instructions on filing proposed documents, please see http://www.flsd.uscourts.gov.

**Trial Exhibits**. All trial exhibits must be pre-marked. The Plaintiff's exhibits must be marked numerically with the letter "P" as a prefix; the Defendant's exhibits must be marked numerically with the letter "D" as a prefix. This list must indicate the pre-marked identification label (*e.g.*, P-1 or D-1) and include a brief description of the exhibit.

**Settlement Notification**. If this matter is settled, counsel shall inform the Court promptly via telephone (305-523-5580) *and* e-mail (leibowitz@flsd.uscourts.gov).

**DONE AND ORDERED** in the Southern District of Florida on December 9, 2025.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record